PETERS, Judge ad hoc.
This property damage suit arose out of a collision between a Volkswagon being driven by defendant and a Simca being towed by plaintiff's wrecker. The accident occurred on I — 10 in Calcasieu Parish. Plaintiff’s wrecker operator, Overton Senegal, was towing the Simca backwards, i. e. the rear end of the Simca was suspended in the air by a winch and boom at the rear of the wrecker and its front wheels were on the highway. Defendant’s car collided with the Simca, rendering the Simca a total loss. Plaintiff sued defendant for $1500.00, the value of the Simca.
Defendant’s version of the accident differed from the story offered by plaintiff’s witnesses. The trial court accepted plaintiff’s version and awarded plaintiff the $1500.00 prayed for. Defendant appealed. We are convinced by the evidence that the trial court was correct and therefore affirm the lower court judgment.
Senegal testified he was driving approximately 50 M.P.H. when he heard a “boom” type noise and his head popped back. He stopped his truck and discovered that defendant’s Volkswagon had hit the Simca, which was no longer suspended from the boom but was sitting on all four wheels a few feet behind the wrecker. Senegal noticed that the safety chains which linked the Simca to the wrecker were still connected and were in good condition. He also noticed there was a paint mark, the same color as the paint on the Simca, on the wrecker’s boom, about nine feet above the ground. Photographs taken by the investigating officer show an indentation on the Simca’s trunk lid that apparently was caused by the impact of the Simca with the boom. Two other witnesses corroborated Senegal's testimony that there was paint on the boom matching the Simca’s paint.
Defendant testified he was following the Simca at a distance of some five to six car lengths when the Simca came loose from the wrecker. Defendant claims Senegal *349 stopped suddenly after the Simca fell, making it impossible for defendant to avoid a collision. Defendant stated he veered to the right in an attempt to avoid the collision. He further testified that the left, or driver’s side, of his car struck the Simca. He claims the Simca was on all four wheels, in the highway, when he hit it.
The preponderance of the evidence indicates defendant struck the Simca as it was being properly towed down the highway. If the Simca had fallen from the boom before the collision, as contended by defendant, it could not have struck the boom some nine feet above the ground. Furthermore, Senegal testified he had been driving a wrecker for forty years and had never dropped a towed car. It is obvious the Simca was still suspended from the boom when defendant hit it, causing it to swing forward on the winch cable and to strike the boom. We are convinced the Simca fell from its towing position after defendant’s car struck it.
Not only is Senegal’s version of the accident consistent with the physical evidence and the testimony of two other witnesses, but the testimony of defendant appears to be highly suspect. Although defendant testified the left side of his car struck the Simca, the photographs taken by the investigating officer show clearly that all the damage to the Volkswagon was on the right side. The photographs also show defendant’s car struck the right front fender of the Simca. Since the Simca was being towed backwards, its right front fender was to defendant’s left as he approached. These facts, coupled with the fact that the right side of defendant’s Volkswagon was damaged, cast doubt on defendant’s story that he veered to the right before the accident. It appears he actually attempted to pass the Simca and wrecker on the left.
All the believable evidence indicates defendant negligently drove his car into the Simca as the Simca was being correctly towed down the highway. There is no credible evidence to indicate any negligence on the part of Senegal.
For the reasons assigned, the judgment of the lower court is affirmed at defendant-appellant’s costs.
Affirmed.